Jennifer S. Romano (State Bar No. 195953)
  jromano@crowell.com
Nathanial J. Wood (State Bar No. 223547)
  nwood@crowell.com
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: 213.622.4750
Facsimile:  213.622.2690

Attorneys for Defendant
United HealthCare Services, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Beach District Surgery Center,<br><br>Plaintiff,<br><br>v.<br><br>United Healthcare Services, Inc., and DOES 1 through 100, inclusive,<br><br>Defendants. | **Case No. 2:22-cv-1213**<br><br>[State Complaint No. 21STCV47282]<br><br>**DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>On removal from California Superior Court for the County of Los Angeles<br><br>Complaint Filed:  December 28, 2021 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

Defendant United HealthCare Services, Inc. ("Defendant") hereby gives notice of the removal of this action from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California. This case is removable based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

## BACKGROUND AND STATUTORY REQUIREMENTS

1. On or about December 28, 2021, Plaintiff filed a complaint captioned *Beach District Surgery Center v. United Healthcare Services, Inc., and Does 1-10*, case number 21STCV47282 (the "State Court Action"), against Defendant in the California Superior Court for the County of Los Angeles.

2. Plaintiff's Complaint alleges one cause of action: negligent misrepresentation. The claim is based on Plaintiff's allegations that Defendant failed to fully compensate Plaintiff for medical services provided to Defendant's members.

3. In accordance with 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are collectively attached hereto as **Exhibit A**. Upon information and belief, no other related process, pleadings, or orders have been served upon Defendant.

4. On January 20, 2022, Defendant was served with copies of the Summons and Complaint.

5. 28 U.S.C. § 1446(b) provides that: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed

in court and is not required to be served on the defendant, whichever period is shorter."

6. Federal Rule of Civil Procedure ("FRCP") 26(a)(1)(c) states that if the last day of a time period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

7. This removal is therefore timely under 28 U.S.C. § 1446(b) and FRCP 26(a)(1)(c).

8. Removal is proper pursuant to 28 U.S.C. § 1446(b)(2) because Defendant is the only defendant named in the case.

9. In accordance with 28 U.S.C. § 1446(d), a copy of Defendant's Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Superior Court for the State of California, County of Los Angeles (*see* **Exhibit B**).

10. In accordance with 28 U.S.C. § 1446(d), Defendant is also contemporaneously serving this Notice of Removal on all adverse parties.

## VENUE

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the U.S. District Court for the Central District of California is the federal judicial district encompassing the Superior Court for the County of Los Angeles where this action was originally filed. *See* 28 U.S.C. § 84(c)(3). Assignment to the Western Division of this Court is appropriate because Plaintiff filed the action in the Los Angeles County Superior Court. *Id.*

## GROUNDS FOR REMOVAL

**A.  Diversity Jurisdiction**

12. Defendant is entitled to remove the State Court Action on the ground that this Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1332 and it is an action which may be removed to this Court by Defendant pursuant to

the provisions of 28 U.S.C. § 1441(b) because: (1) this action is a civil action between citizens of different states, as Plaintiff is a citizen of California and Defendant is a citizen of Minnesota; (2) Doe defendants should be disregarded for purposes of removal; and (3) this action involves an amount in controversy that exceeds the sum of $75,000, exclusive of interest.

13. The citizenship of a corporation is both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). When determining a corporation's principal place of business for purposes of diversity jurisdiction, courts refer to the place where a corporation's officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). The principal place of business is where the corporation "maintains its headquarters—provided that the headquarters is the actual center of direction, control and coordination." *Id*.

14. Plaintiff alleges that it is a "medical corporation organized and existing under the laws of the State of California." Compl. ¶ 1. Plaintiff is therefore alleged to be a citizen of California.

15. Defendant is incorporated in Minnesota, and its principal place of business is in Minnetonka, Minnesota as Defendant performs the vast majority of its executive and administrative functions at its corporate headquarters in that location. This information is set forth in the Minnesota Secretary of State's Business Record Details. A true and correct copy of Defendant's Business Record Details obtained from the Minnesota Secretary of State's website on February 15, 2022 at www.sos.mn.gov, is attached as **Exhibit C**. *See also Smith v. United HealthCare Servs., Inc.*, No. CIV 00-1163 ADM/AJB, 2002 WL 192565, at *1 (D. Minn. Feb. 5, 2002) (confirming that United HealthCare Services, Inc., is a Minnesota corporation with headquarters in Minnesota).

16. Therefore, Defendant was not and is not a citizen of the State of California.

17. The defendants Plaintiff designates as Does 1 through 10 in the Complaint are fictitious defendants and are not parties to this action. Unnamed defendants, such as Doe defendants, are not required to join in a removal petition. The Court may therefore disregard their citizenship for purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *Fristos v. Reynolds Metal Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

18. The caption of Plaintiff's Complaint states that it is seeking "Total Damages - $1,000,000.00" in this matter. Based on Plaintiff's Complaint, it is facially apparent that the amount in controversy in this action exceeds the jurisdictional sum or value of $75,000. *See e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (factual allegations in the Complaint, along with the types of damages plaintiff sought made it facially apparent that the amount in controversy exceeded the $75,000 jurisdictional amount); Compl. ¶ 36 (seeking "an amount no less than $1,000,000 but the total amount to be determined at trial"); prayer for relief at ¶ 1 (seeking "compensatory damages in an amount to be determined, plus statutory interest, but no less than $1,000,000").

19. Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California, Defendant is a citizen of Minnesota, and the Doe defendants' citizenship should be disregarded for purposes of determining diversity jurisdiction. Furthermore, the amount in controversy exceeds $75,000. Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§1332, 1441, and 1446, and Defendant has properly removed the State Court Action to this Court.

## **RESERVATION OF RIGHTS**

20. Defendant denies the allegations contained in Plaintiff's Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, and/or obligations that may exist in its favor in either state or federal court, including any defense or affirmative matter under California law and/or Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

21. Further, in making the allegations in this Notice of Removal, including referencing allegations in the Complaint, Defendant does not concede in any way that (i) the allegations from the Complaint quoted, *supra*, by Defendant are Defendant's, (ii) that Plaintiff has asserted a claim upon which relief can be granted, and/or (iii) that recovery of any of the amounts sought is authorized or appropriate.

22. Defendant also reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Defendant expressly requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, in accordance with the authorities set forth above, Defendant United HealthCare Services, Inc. requests to remove this action from the Superior Court in and for Los Angeles County, California, to the United States District Court for the Central District of California, Western Division, and requests such other and further relief as the Court deems appropriate and just.

Dated:  February 22, 2022         CROWELL & MORING LLP


                                  By:   /s/ *Nathanial Wood*
                                        Nathanial Wood
                                        Attorneys for Defendant