1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEACH DISTRICT SURGERY CENTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES,<br>INC. AND DOES 1-10,<br><br>Defendant. | Case No.  CV 22-01213-SPG-E<br><br>**ORDER DENYING DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6) [ECF No. 22]** |

Plaintiff Beach District Surgery Center ("Plaintiff") brings this lawsuit against Defendant United Healthcare Services ("Defendant") alleging negligent misrepresentation related to payment for medical services.  Before the Court is Defendant's motion to dismiss Plaintiff's sole claim for negligent misrepresentation.  Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds this matter suitable for resolution without a hearing, and DENIES Defendant's motion.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

## I.   BACKGROUND

### A.   Factual Background

The following factual allegations are taken from Plaintiff's First Amended Complaint (ECF No. 20 ("FAC")):

Plaintiff is a medical service provider and Defendant is an insurer.  (FAC ¶¶ 1–2). While Plaintiff and Defendant did not themselves have a direct relationship, Plaintiff and Defendant both had agreements with a third-party service provider known as MultiPlan. (*Id*. ¶¶ 11, 18).  MultiPlan "is utilized by a number of insurers including Defendant to help reduce medical costs to patients."  (*Id*. ¶ 17).  Insurers, including Defendant, "will display an insignia or symbol for Multiplan on the back of [their] insurance cards" to indicate "that if their medical provider accepts Multiplan the patient will be receiving care from what amounts to a Network medical provider."  (*Id*. ¶¶20–21).  Defendant has "advertised to patients and medical providers throughout the country that when a patient or medical provider sees the symbol for Multiplan on a patient's insurance card the patient and medical provider can be assured that the medical provider's Multiplan agreement will be utilized." (*Id*. ¶ 22).  Under Plaintiff's agreement with Multiplan, Plaintiff would be paid at a "contract rate . . . equal to ninety three (93%) percent of Facility's Billed Charges, less any co-payment, Deductible, and/or co-insurance, if any, specified in the Participant's Benefit Program."  (*Id*. ¶ 12).

Plaintiff performed "no less than 67 medical procedures" on patients insured by Defendant.  (*Id*. ¶ 24).  Prior to performing each procedure, Plaintiff checked the insurance cards of each patient and saw the Multiplan symbol.  (*Id*. ¶¶ 25–28).  Plaintiff then called Defendant "to confirm that Defendant utilizes Multiplan to pay for the claims."  (*Id*. at 29). By way of example, Plaintiff describes three verification calls for specific patients insured by Defendant.  During each, a representative from Defendant told Plaintiff that Defendant "does utilize the Multiplan network."  (*Id*. ¶¶ 46, 69, 92).  Plaintiff relied on these representations in providing medical services to these patients. (*Id*. ¶ 31).  However, when

Plaintiff submitted billing information, Defendant "failed to make proper payment in accordance with Plaintiff's Multiplan contract." (*Id.* ¶ 33).

### B. Procedural History

On December 28, 2021, Plaintiff filed suit in California Superior Court for the County of Los Angeles. (ECF No. 1, Ex. A). On February 22, 2022, Defendant removed the case to this Court. (ECF No. 1). Defendant filed a Motion to Dismiss on April 14, 2022. (ECF No. 15). Plaintiff responded by filing the FAC on May 20, 2022. Two weeks later, on June 3, 2022, Defendant filed the instant motion to dismiss Plaintiff's FAC. (ECF No. 22). Plaintiff filed an opposition on June 30, 2022, and Defendant filed a reply on July 21, 2022. (ECF No. 27 ("Opp'n")); (ECF No. 29 ("Reply")).

## II.  LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). When ruling on a Rule 12(b)(6) motion, the Court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## III.   DISCUSSION

A claim for negligent misrepresentation under California law[1] requires a showing of six elements: "(1) The defendant must have made a representation as to a past or existing material fact, (2) which was untrue, (3) which, regardless of the defendant's actual belief, was made without any reasonable grounds for believing it was true, and (4) which was made with the intent to induce the plaintiff to rely upon it; (5) the plaintiff justifiably relied on the statement, and (6) plaintiff sustained damages."[2]  *Cedars Sinai Medical Center v. Mid-West Nat. Life Ins. Co.*, 118 F. Supp. 2d 1002, 1010 (C.D. Cal. 2000) (*citing Gagne v. Bertran*, 43 Cal. 2d 481, 487–8 (1954); *Continental Airlines, Inc. v. McDonnell Douglas Corp.*, 216 Cal.App.3d 388, 402 (1989).  Further, a defendant's representation must consist of a positive assertion of fact; omissions cannot create a claim for negligent misrepresentation.  *Byrum v. Brand*, 219 Cal.App.3d 926, 942 (1990).  Where a defendant's statement "purports to state the whole truth" about a subject, "misleading half-truths" may constitute positive assertions for the purpose of negligent misrepresentation.  *Lord Abbett Mun. Income Fund, Inc. v. Asami*, No. C-12-03694 DMR, 2014 WL 341791, at *6 (N.D. Cal. July 11, 2014), *aff'd*, 653 F.App'x. 553 (9th Cir. 2016).

Defendant asserts Plaintiff's negligent misrepresentation claim should be dismissed for two reasons.  First, Defendant argues Plaintiff alleges only a representation of a future promise to pay, as opposed to a representation as to a past or existing material fact.  (ECF No. 22 at 1).  Second, Defendant argues Plaintiff pleads only omissions or neutral statements, as opposed to positive assertions.  (*Id.*)  While Defendant is correct that certain portions of Plaintiff's FAC include both representations of future facts and omissions, this does not negate that Plaintiff has otherwise adequately pleaded enough facts that, when

---

[1] The Court maintains jurisdiction over the state law claim in this case due to diversity of the parties.  *See* (ECF No. 1 at 2–4); 28 U.S.C. § 1331.  Where, as here, there is no federal question at issue, state substantive law governs.  *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

[2] Defendant contests only the first factor of this test.  (ECF No. 29 at 1).

viewed in the light most favorable to the non-moving party, a cognizable legal theory exists.

## A.   Representation of a Past or Existing Material Fact

First, Plaintiff has adequately pleaded a representation as to a past or existing material fact: that Defendant utilized Multiplan at the time the medical services in question were provided.  Plaintiff alleges that the relevant patients' insurance cards depicted the Multiplan logo.  (FAC ¶¶ 25–28).  Plaintiff further alleges that the presence of that logo was viewed within the industry as an indication that an insurer used Multiplan's pricing agreements with medical providers.  (FAC ¶¶ 20–22).  Plaintiff also states that its representatives spoke to representatives of Defendant prior to providing services to patients and that on each of these calls Defendant's representatives stated Defendant "does utilize" Multiplan.  (*Id.* ¶¶ 46, 69, 92).  While Plaintiff's representatives may have checked the insurance card and made the verification call "in anticipation of future payments," the alleged statements as to use of a particular pricing plan concerned patients' "then-present coverage."  *Beverly Hills Reg'l surgery Ctr. L.P. v. Regence BlueShield*, No. 2:21-cv-07718-MCS-AGR, 2022 WL 2036321, at *2 (C.D. Cal. Apr. 1, 2022); *see also O.C. Multispecialty Surgery Ctr. v. Blue Cross & Blue Shield of Kan. City*, 2022 U.S. Dist. LEXIS 26442, at *12 (C.D. Cal. Feb 8, 2022) (denying similar motion to dismiss where Defendant represented it paid according to the usual, customary, and reasonable ("UCR") rate, as opposed to the "Medicare Fee Schedule"); *Brand Surgical Institute v. Aetna Life Insurance Co.*, No. 2:21-cv-08642-AB (Ex), 2022 WL 2046205 at *6 (C.D. Cal. Mar. 7, 2022) (finding statement regarding UCR rate of pay amounted to representation of existing practice as opposed to promise of future payment).  Thus, Plaintiff has adequately pleaded a representation as to a past or existing fact.

## B.   Positive Assertion

Second, Plaintiff's FAC pleads positive assertions sufficient to state a negligent misrepresentation claim.  Defendant argues that the logo and phone calls amount to, at most, "neutral" representations, and are therefore insufficient to state a negligent

misrepresentation claim. (ECF No. 22 at 8). However, as pleaded, the Complaint alleges that the logo itself represented an industry-understood assertion that the insured's coverage was governed by the Multiplan payment schedule. (FAC ¶¶ 20–22). Plaintiffs also state that Defendant's representatives confirmed Defendant utilized Multiplan on phone calls. (*Id.* ¶¶ 46, 69, 92). At the very least, these representations amount to "misleading half-truths" regarding the payment plan used by Defendant. *Lord Abbett*, 2014 WL 341791, at *7. This too is sufficient to state a claim at this stage.

## IV.   CONCLUSION

For the foregoing reasons, the Court now DENIES Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

DATED:   August 8, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

-6-